UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Nancy and Marc Freeman**, | Bankruptcy No. 14-28405 |
| Debtors. | Honorable Pamela S. Hollis |

COVER SHEET FOR FINAL FEE APPLICATION OF
FACTORLAW FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES

| | |
|---|---|
| Name of Applicant: | Law Offices of William J. Factor, Ltd. |
| Authorized to Provide Professional Services to: | Peter N. Metrou, Chapter 7 Trustee for the estate of Nancy and Marc Freeman |
| Period for Which Compensation is Sought: | November 12, 2014 – May 15, 2017 |
| Amount of Fees Sought: | $4,082.50 |
| Amount of Expense Reimbursement Sought: | $147.75 |
| This is an: | Final Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

{00091253}

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Nancy and Marc Freeman**, | Bankruptcy No. 14-28405 |
| Debtors. | Honorable Pamela S. Hollis |

### NOTICE OF APPLICATION

**Please take notice** that on **Friday, June 9, 2017, at 10:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Pamela S. Hollis, United States Bankruptcy Judge for the Northern District of Illinois on the 2nd Floor of the Joliet City Hall building located at 150 West Jefferson Street in Joliet, Illinois, and then and there shall present the attached **Final Fee Application of FactorLaw** a copy of which is attached hereto and herewith served upon you.

Dated: May 19, 2017                **FactorLaw**

                                   By: */s/ Ariane Holtschlag*
                                   One of its attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:   (312) 878-4830
Fax:   (847) 574-8233
Email: aholtschlag@wfactorlaw.com

{00091253}                                2

## CERTIFICATE OF SERVICE

  I, Ariane Holtschlag, an attorney, hereby certify that on May 19, 2017, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Application* and the accompanying *Final Fee Application of FactorLaw* be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by US Mail on all persons identified on the attached service list.

                    */s/ Ariane Holtschlag*

**Registrants**
(Service via ECF)

| | |
|---|---|
| Megan A Drefchinski | mdrefchinski@collinslaw.com, ktaylor@collinslaw.com |
| William J Factor | wfactor@wfactorlaw.com, wfactorlaw@gmail.com;bharlow@wfactorlaw.com; wfactor@ecf.inforuptcy.com;wfactormyecfmail@gmail.com;r43923@notify.bestcase.com |
| Ariane Holtschlag | aholtschlag@wfactorlaw.com, bharlow@wfactorlaw.com;gsullivan@ecf.inforuptcy.com;r43923@notify.bestcase.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| David P Lloyd | courtdocs@davidlloydlaw.com |
| Peter N Metrou | met.trustee7@att.net, met.trustee_backup@att.net,pnmlawyer@aol.com, pmetrou@ecf.epiqsystems.com |
| Andrew J Nelson | anelson@atty-pierce.com, northerndistrict@atty-pierce.com |
| Michael L Sherman | shermlaw1@aol.com |
| Toni Townsend | toni.townsend@mccalla.com, northerndistrict@mccalla.com |

| | | |
|---|---|---|
| Service List<br>Case 14-28405 | First Midwest Bank<br>One Pierce Place<br>Suite 1500<br>Itasca, IL 60143-1218 | Select Portfolio Servicing, Inc., as servici<br>3815 South West Temple<br>Salt Lake City, UT 84115-4412 |
| Nancy and Marc Freeman<br>411 Westridge Rd.<br>Joliet, IL 60431-4881 | ALTAIR OH XIII, LLC<br>C O WEINSTEIN, PINSON AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121-3132 | CASHCALL, INC.<br>C/O WEINSTEIN & RILEY, PS<br>2001 WESTERN AVE., STE. 400<br>SEATTLE, WA 98121-3132 |
| CERASTES WTB, LLC<br>C O WEINSTEIN, PINSON AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121-3132 | CITI Business Card<br>Processing Center<br>Des Moines, IA 50363-0005 | Capital One Bank<br>PO Box 6492<br>Carol Stream, IL 60197-6492 |
| Capital One Bank (USA), N.A.<br>by American InfoSource LP as agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Capital One Payment Remittance<br>Payment Processing<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Capital One c/oNorth Lake Group,Inc<br>PO Box 390 846<br>Minneapolis, MN 55439-0846 |
| Carsons<br>PO Box 659813<br>San Antonio, TX 78265-9113 | (p)CASHCALL INC<br>1 CITY BOULEVARD WEST<br>SUITE 1000<br>ORANGE CA 92868-3611 | Chase Card Services<br>PO Box 94014<br>Palatine, IL 60094-4014 |
| Chase Cardmember Service<br>PO Box 15153<br>Wilmington, DE 19886-5153 | D&I Electronics<br>24802 Caton Farm Rd.<br>Plainfield, IL 60586-9214 | Dell Business Credit Payment Center<br>PO Box 5275<br>Carol Stream, IL 60197-5275 |
| First Midwest Bank<br>c/o The Collins Law Firm<br>1770 Park St.<br>Naperville, IL 60563-4865 | Franklin Credit Mgmt. Corp.<br>P.O. Box 5147<br>Carol Stream, IL 60197-5147 | Illinois Department of Revenue<br>Bankruptcy Section<br>PO Box 64338<br>Chicago, IL 60664-0338 |
| Illinois Department of Revenue Bankruptcy Se<br>P.O. Box 64338<br>Chicago, Illinois 60664-0338 | Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Lincoln Automotive Financial Services<br>PO Box 62180<br>Colorado Spring, CO 80962-2180 |
| Lincoln Automotive Financial Svcs.<br>P.O. Box 790093<br>Saint Louis, MO 63179-0093 | Myles & Barbara Jacobs<br>3012 Haven Ct.<br>Joliet, IL 60435-2831 | Nordstrom Bank<br>P.O. Box 79134<br>Phoenix, AZ 85062-9134 |
| PNC BANK, N.A.<br>PO BOX 94982<br>CLEVELAND, OHIO 44101-4982 | PNC Bank<br>P.O. Box 856177<br>Louisville, KY 40285-6177 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |

Quantum3 Group LLC as agent for
Comenity Bank
PO Box 788
Kirkland, WA  98083-0788

Select Portfolio Servicing, Inc.
PO Box 65450
Salt Lake City, UT 84165-0450

Select Portfolio Servicing, Inc., as servici
c/o Pierce & Associates
1 N. Dearborn, Suite 1300
Chicago, IL 60602-4321

(p)SPRINGLEAF FINANCIAL SERVICES
P O BOX 3251
EVANSVILLE IN 47731-3251

Target
PO Box 660170
Dallas, TX 75266-0170

Wells Fargo Bank NA
PO Box 10438
Des Moines IA    50306-0438

Wells Fargo Financial Cards
PO 660041
Dallas, TX 75266-0041

Wells Fargo Financial Cards
PO Box 660041
Dallas, TX 75266-0041

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Nancy and Marc Freeman**, | Bankruptcy No. 14-28405 |
| Debtors. | Honorable Pamela S. Hollis |

**FACTORLAW'S FINAL APPLICATION FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Ariane Holtschlag and the Law Office of William J. Factor, Ltd. (collectively "***FactorLaw***"), counsel for Peter N. Metrou, not individually but as the chapter 7 trustee (the "***Trustee***") of the bankruptcy estate (the "***Estate***") of Nancy and Marc Freeman (the "***Debtors***"), hereby submits its final application (the "***Application***") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation of **$4,082.50** for legal services performed by FactorLaw during the period of November 12, 2014 through May 15, 2017 (the "***Application Period***") and **$147.75** in expenses incurred in connection with those services. In support of its Application, FactorLaw states as follows:

**JURISDICTION**

1.   This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2.   Venue of the above-captioned case (the "***Case***") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.   This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

{00091253}                                          4

## BACKGROUND

4. On August 1, 2014, (the "**Petition Date**") the Debtors filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "**Bankruptcy Code**"), thereby initiating the Case.

5. Subsequent to the Petition Date, the Trustee was appointed as the interim case trustee. The Trustee now serves as permanent trustee and is charged with administering all property of the Estate.

6. The Court approved the Trustee's retention of FactorLaw effective as of November 12, 2014 to investigate certain assets (the "**Assets**") of the Estate including:

| Description | Value |
|---|---|
| 1/3 interest in mineral rights to 300+ acres of land in Saskatchewan, Canada | $6,000,000.00 |
| Art, crystal | $10,000 |
| K.N.R. Inc. 100% owners | Unknown |
| Gorfrem Enterprises, Inc. 100% owners | $0.00 |
| Franchise with ReMax—ReMax Realty of Joliet | Unknown |

7. As part of its investigation into the Assets, FactorLaw conducted examinations of the Debtors under Rule 2004 and obtained and reviewed extensive documentation.

8. FactorLaw also investigated the Debtor's representations that the Canadian mineral rights are worth millions of dollars and under contract to be sold to a Reverend Clement Agyemand Duah.

9. Ultimately FactorLaw's investigations on behalf of the Estate lead to the conclusion that the Assets were of di minimus value to the Estate and the Trustee now intends to conclude the Case.

## FEE APPLICATION

### I. Services performed.

10. FactorLaw maintains contemporaneous written records of the time expended by its professionals.

11. Such records for the Case, copies of which are grouped and attached hereto as **Exhibit 1**, set forth in detail: (a) the services rendered by FactorLaw (the "*Services*") on behalf of the Trustee, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

A. *Summary of Services by professional.*

12. FactorLaw spent a total of 16.0 hours at a cost of $4,082.50 in connection with this Case during the Application Period.

13. A breakdown of the professionals providing Services is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $250/$275[1] | 16.0 | $4,082.50 |
| | | Totals: | 16.0 | $4,082.50 |

B. *Itemization of fees by category of Services rendered.*

14. **Case Administration.** FactorLaw spent a total of 2.4 hours at a cost of $647.50 on matters relating to case administration.

15. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $250/$275 | 2.4 | $647.50 |
| | | Totals: | 2.4 | $647.50 |

16. **Asset Investigation and Recovery.** FactorLaw spent a total of 13.6 hours at a cost of $3,435.00 on matters relating to asset investigation and recovery including the taking of examinations of the

---

[1] Ms. Holtschlag's hourly rate was increased to $275.00 effective January 1, 2016, in the ordinary course of FactorLaw's annual rate adjustments.

{00091253}                                6

Debtors under Rule 2004 and investigation as to the interest and monetization of the certain Canadian mineral rights.

17.  A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Ariane Holtschlag | Associate | $250/$275 | 13.6 | $3,435.00 |
| | | Totals: | 13.6 | $3,435.00 |

## II.  Expenses

18.  FactorLaw incurred $147.75 in actual and necessary expenses related to this Case. A copy of the expense record is attached hereto as **Exhibit 2**.

19.  FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses. The expenses listed above are actual out of pocket costs advanced by FactorLaw.

## III.  FactorLaw's retention was appropriate through the Application Period

20.  During the Application Period, no agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case.

21.  No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

22. Finally, FactorLaw represents that it is and was through the Application Period a disinterested party and does not hold any relationship adverse to the Estate.

## BASIS FOR THE REQUESTED RELIEF

23. Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

24. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

25. The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264

F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or his services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), cert. denied, 532 U.S. 1066 (2001).

26. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

27. The average hourly billing rate for the professionals who performed the Services—that is, the "lodestar" rate— is $255.16. This average rate is fair and reasonable in light of the services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by the FactorLaw is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

**WHEREFORE**, FactorLaw respectfully requests that this Court enter an Order:

A. Allowing FactorLaw compensation for actual, necessary legal services in the amount of **$4,082.50**;

B. Authorizing reimbursement of FactorLaw for actual and necessary expenses in the amount of **$147.75**;

C. Authorizing the Trustee to pay FactorLaw the allowed compensation and reimbursement of expenses in the total amount of **$4,230.25**; and

D. Granting such other relief as the Court deems just and equitable.

Dated: May 19, 2017 **FactorLaw**

By: */s/ Ariane Holtschlag*
One of Its attorneys

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 878-4830
Fax: (847) 574-8233
Email: aholtschlag@wfactorlaw.com

{00091253} 10